UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK AMBROSE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:20-cv-723 (KAD) |
| : | |
| WILLIAM MULLIGAN, et al., : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 40]**

Kari A. Dooley, United States District Judge

In this civil rights action, the plaintiff, Mark Ambrose ("Ambrose"), alleges that the defendants, Utilization Review Committee members Drs. Syed J. Naqvi, Monica Farinella, Ricardo Ruiz, and Cary Freston ("the defendants"), were deliberately indifferent to his medical needs by delaying surgery for a hand injury which rendered the injury permanent. Pending before the Court is the defendants' motion for summary judgment. Therein, the defendants argue that Ambrose failed to exhaust his administrative remedies before commencing this action. For the following reasons, the motion is DENIED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are

material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts[1]**

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation

2

On June 26, 2017,[2] Ambrose fell and injured his finger.  Defs.' Local Rule 56(a)1 Statement, Doc. No. 40-2, ¶ 2.  Ambrose has been confined at MacDougall-Walker Correctional Institution since 2006.  Id. ¶ 5.  The remaining defendants are members of the Department of Correction Utilization Review Committee.  Id. ¶ 4.

Ambrose does not allege that the administrative remedy procedures were not in effect or were unavailable to him regarding this incident.  Id. ¶ 7.  He alleges in his Complaint that he timely exhausted his administrative remedies by filing a medical grievance on February 22, 2020 to which he received no response.  Id. ¶¶ 7-8.

Colleen Gallagher is the Correctional Health Services Program Director for the Department of Correction.  Id. ¶ 9.  In this position, she reviews the medical grievances, or Health Services Reviews ("HSR"), filed by Connecticut inmates pursuant to Administrative Directive 8.9.  Id. ¶ 10.   The HSR Coordinator maintains a log of all HSRs and appeals.  Id. ¶ 20.  An electronic record of all HSRs and appeals, including the disposition of each, is maintained for each inmate.  Id. ¶ 21.  The electronic log for Ambrose shows that he has never filed an HSR.  Id. ¶ 22.

**Discussion**

---

to an affidavit or other admissible evidence.  D. Conn. L. Civ. R. 56(a)3.
 The defendants informed Ambrose of this requirement.  See Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, Doc. No. 40-3.  Although Ambrose has filed a Local Rule 56(a)2 Statement, he fails to cite any admissible evidence with his denials.  Thus, the defendants' statements are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

 [2] In his statement entitled Disputed Facts, Ambrose states the injury occurred on June 26, 2020.  Pl.'s Local Rule 56(a)2 Statement, ECF No. 44, at 11.  As he filed this action on May 26, 2020, he has reported the date incorrectly.

There is one claim remaining in this case, that the defendants were deliberately indifferent to Ambrose's serious medical needs by delaying approval for corrective surgery on his finger until the injury became permanent and could no longer be corrected. The defendants argue only that Ambrose failed to properly exhaust his administrative remedies before filing this action.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1854-55 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

The Supreme Court has held that the requirement for proper exhaustion is not met when a

4

grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Exhaustion of administrative remedies is an affirmative defense. Thus, the defendants bear the burden of proof. *See Jones*, 549 U.S. at 216.

Medical issues are exhausted by filing a Health Services Review ("HSR") as provided in Directive 8.9. *See* Administrative Directive 8.9, available at http://portal.ct.gov/DOC/AD/AD-Chapter-8. There are two types of Health Services Reviews. The first seeks review of an administrative issue, *i.e.*, a particular practice, procedure, administrative provision or policy, or it may allege improper conduct by a health services provider. The second, which is at issue here, seeks review of a diagnosis or treatment, including a decision to provide no treatment. Dir. 8.9(9). Prior to filing an HSR, the inmate must seek an informal resolution of his claim by discussing the claim, face to face, with the appropriate staff member or by submitting a written report to a supervisor. Staff shall respond to the inmate within fifteen days of the receipt of a written request. Dir. 8.9(10).

When filing an HSR related to diagnosis or treatment, the inmate must check the "Diagnosis/Treatment" box on the form and concisely explain the reason for his dissatisfaction. Dir. 8.9(11). Upon receipt of the form, the HSR Coordinator scheduled an HSR appointment with an appropriate medical professional as soon as possible. If the medical professional determines that the treatment was appropriate, the exhaustion process is concluded. Dir. 8.9(11)(A).

As noted, the issue in this case concerns the URC denial of surgery. In December 2017, Ambrose was examined by an orthopedic surgeon at UConn Health Center who recommended surgery to be performed in January 2018. Compl., Doc. No. 1, ¶ 28. In January 2018, Dr. Pillai consulted with the URC to determine when Ambrose would undergo surgery. *Id.* ¶ 29. In February 2018, Dr. Pillai told Ambrose that the URC denied the request. *Id.* ¶ 30. Ambrose alleges that he returned to UConn several times in the following years and met with orthopedists regarding his hand but does not allege that any other URC request for surgery was submitted. Ambrose states that he filed an HSR on February 22, 2020, the day after he was told that his injury was permanent and could not be corrected. *Id.* ¶¶ 37-38.

The defendants contend that Ambrose failed to file an HSR regarding the denial of surgery because there is no record of any such grievance.[3] They submit the Declaration of Colleen Gallagher and a copy of the search for an HSR which reveals no recorded HSR filed by Ambrose on February 22, 2020 or on any other date. Ambrose alleges in his verified complaint, that he submitted the HSR but never received a response. Although Ambrose does not include this information in the declaration he filed in opposition to the motion for summary judgment, a verified complaint may be considered as an affidavit in opposition to the motion for summary judgment. *See Curtis v. Canlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2016). Ambrose argues that he did not have control over the grievance after he submitted it and could not ensure that it was properly recorded.

---

[3] Ambrose concedes, in opposition to the motion for summary judgment, that he did not file a request before filing the February 22, 2020 grievance because he had previously filed grievances and requests relating to his hand. Pl.'s Local Rule 56(a)2 Statement, Doc. No. 44 at 11. As the defendants do not also argue that Ambrose's earlier medical requests regarding his hand fail to satisfy the requirement that he attempt to resolve the issue informally before filing his HSR, the Court assumes, for purposes of this ruling, that filing the February 22, 2020 HSR would satisfy the exhaustion requirement.

Conflicting affidavits generally create an issue of disputed fact. *See Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) ("[C]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." (quoting *Fischl v. Armitage*, 128 F.3d 50, 55-56 (2d Cir. 1997))). Even a self-serving affidavit is sufficient to create a genuine issue of fact, "so long as the affidavit does not contradict the witness's prior testimony." *Dye v. Kopiec*, No. 16 Civ. 2952 (LGS), 2016 WL 7351810, at *3 (S.D.N.Y. Dec. 16, 2016) (collecting cases).

Ambrose has consistently stated that he submitted a grievance but did not receive a response. Under the directive, no further action was required from Ambrose to exhaust his administrative remedies. Thus, the Court has conflicting sworn statements regarding exhaustion which precludes summary judgment.

**Conclusion**

Defendants' motion for summary judgment [**Doc. No. 40**] is **DENIED** for the reasons stated.

**SO ORDERED** this 9th day of June 2021 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge